IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALVIN DEVON CARSON, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 3:06-cv-487 |
| PEPSI BOTTLING GROUP, | ) | |
| Defendant | ) | |

## **MEMORANDUM OPINION**

This is a *pro se* action brought for "racial harassment" by plaintiff Alvin Devon Carson against his former employer Pepsi Bottling Group. Currently pending is defendant's motion to dismiss for failure to state a claim upon which relief can be granted [Court File #12]. For the reasons that follow, the motion will be granted and this action dismissed.

I.

### *Factual Background*

Plaintiff's *pro se* complaint states the following:

"In March and April of 2003 at the warehouse building on Middlebrook Pike Knox. TN. I endured Racial Harassment by warehouse employees' Randy Hurst, Tim, Glen. I was

> called a nappy head nigger and theraten by Glen. Randy Hurst bragged about rolling my car with tollet paper. April 11-03 Randy Hurst & Tim came to work with a plastic human skeleton modle with a hanging rope around the neck of the skeleton modle, and they put it on back of a fork-lift and told me that this is what they do to my kind of people. Randy Hurst & Tim road around the warehouse taunting me. Randy Hurst was only suspened for one day and management H.R. Manger Jennifer Yantis didn't do anything to Tim or Glen. They all should have been fired employees' that have knowledge and wittness are: Jerry Miller, Robert Best, Rico Campbel, Mitch Smith, Don Fernengel. I had to leave work early because Glen threaten to kill me and he was not fired wittness Rico Campbel, Mitch Smith. This was a hostile environment harassment that was done to me. the taunting and threaten continued off and on through 2003 by Randy Hurst & Tim whenever I was caught alone in the warehouse, because then it was my word against theirs'." [sic]

Plaintiff also claims emotional suffering and punitive damages in the amount of $500,000. Plaintiff was subsequently allowed to amend his complaint to add a claim of "humiliation."

## II.

### *Standard of Review*

Technically, the 12(b)(6) motion does not attack the merits of the case - it merely challenges the pleader's failure to state a claim properly. 5 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, § 1364 at 340 (Supp. 1987). In

deciding a 12(b)(6) motion, the court must determine whether plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The court must accept all allegations in the complaint at "face value" and construe them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The complaint must in essence set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist. *Jenkins v. McKeithen*, 395 U.S. 411 (1969). Conclusory allegations are not acceptable, however, where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves. *Vermilion Foam Products Co. v. General Elec. Co.*, 386 F. Supp. 255 (E.D. Mich. 1974). The court cannot dismiss plaintiff's complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III.

***Analysis***

Federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge. *Strouss v. Michigan Dept. of Corrections*, 250 F.3d 336, 342 (6th Cir. 2001). Plaintiff's

3

allegations of racial harassment were never the subject of a charge of discrimination filed with the EEOC or the Tennessee Human Rights Commission. He had 300 days to file a charge following the alleged harassment. *Tartt v. City of Clarksville*, 149 Fed. Appx. 456, 460 (6th Cir. 2005) (In a deferral state, charge must be filed within 300 days of the alleged discrimination). He failed to do so and therefore his claim must be dismissed. *Cox v. City of Memphis*, 230 F.3d 199, 202 (6th Cir. 2000).

To the extent that plaintiff seeks to file his action under the Tennessee Human Rights Act, an employee can elect to file suit without first filing a charge of discrimination, but the employee must file suit within one year after the discriminatory event. T.C.A. § 4-21-311. Claims filed after expiration of the one-year limitation period are subject to dismissal. *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 464 (6th Cir. 2001). According to the complaint, the alleged racial harassment occurred in March and April of 2003 and that the latest was the end of 2003. Plaintiff did not file this lawsuit until December 2006. Therefore, any claim under the THRA is clearly barred by the one-year statute of limitations found at T.C.A. § 4-21-311.

IV.

*Conclusion*

In light of the foregoing, defendant's motion to dismiss for failure to state a claim upon which relief can be granted [Court File #18] is hereby GRANTED and this action DISMISSED.

Enter judgment accordingly.

                                                 *s/ James H. Jarvis*
                                           UNITED STATES DISTRICT JUDGE